DELL, Judge.
This appeal concerns an order that followed two arbitration proceedings arising out of the employment of appellee by the City of Boca Raton.
Appellant required appellee, as a marine safety lieutenant, to submit to an annual recertification test consisting of an ocean swim and run. In June, 1984, appellee failed the recertification exam due to a foot injury that prevented him from completing a part of the test. Appellant reassigned appellee from beach guard duties to swimming pool guard duties until he could take and pass the test. After appellee recovered from his injury, he again failed the test. On August 31, 1984, appellant terminated appellee’s employment. Appellee filed a grievance which was heard by arbitration. The arbitrator found deficiencies in the recertification test and ordered ap-pellee’s reinstatement as a marine safety lieutenant with back pay from the time of his discharge to the date of reinstatement. Appellant reinstated appellee to pool duties. On September 27, 1985 the circuit court confirmed the award.
During the interim between the arbitrator’s award directing reinstatement and the court’s order of confirmation, appellant reached an agreement with appellee’s union representative for a revised recertification test. Part of that agreement required appellee to take the recertification test at a time of his selection between May 4 and June 4, 1985. Appellee refused to take the test. On June 14, 1985, after giving appel-lee notice in writing of its intent to terminate him, appellant terminated appellee’s employment. Appellee filed a second grievance which went to arbitration in accord with the collective bargaining agreement. The second arbitrator found that the deficiencies regarding the uniformity of the test had been corrected through negotiations between the city and the union and that they had designed a fair and reasonable test. He concluded that appellee was given every opportunity to comply with the city’s order directing him to take the test. The arbitrator upheld appellant’s discharge of appellee.
Following entry of the second arbitration award appellee moved to hold appellant in contempt for violating the court’s order confirming the first arbitration award. After a hearing the trial court concluded that appellant had not complied with the court’s order confirming the first arbitration award because it had assigned appellee to the pool area rather than the beach. The *388 trial court also found that the second arbitration hearing concerning appellee’s discharge for failure to resubmit to the test was immaterial in light of appellee’s failure to comply with the first award. The trial court denied appellee’s motion to hold appellant in contempt, ordered appellant to reinstate appellee to the position and duties of a marine safety lieutenant forthwith, and directed reimbursement for all lost wages and benefits resulting from the time of his original termination.
Appellant raises three points on appeal. First, appellant contends that the trial court erred when it found that it had failed to comply with the first arbitration award; next it argues that the trial court erred when it found the second arbitration award confirming appellee’s discharge for cause to be immaterial; and finally, appellant argues that the trial court erred in awarding lost wages and benefits in the instant case.
We believe the record contains sufficient evidence to sustain the trial court’s conclusion that the city failed to comply with the first arbitration award. However, we find merit in appellant’s argument that the trial court erred when it failed to consider the second arbitration award that confirmed appellee’s discharge for cause. Appellee takes the position that appellant could not discharge him for cause until it had first reinstated him to duties on the beach as a marine safety lieutenant. However he refused to take the recertification test, which if successfully completed, would have entitled him to assume those duties. His refusal occurred after appellant and his union negotiated standards for the test. In the second arbitration proceeding the arbitrator found the test reasonable and found that appellee’s intentional refusal to take the recertification test furnished just grounds for his discharge.
We find this case similar to the facts considered by the court in National Post Office v. U.S. Postal Service, 751 F.2d 834 (6th Cir.1985). As in the case sub judice, National Post Office involved consecutive conflicting arbitration awards. The first award ordered the employer to return a suspended employee to his former position. Instead, the employer placed the employee back on the payroll but did not permit him to return to his mail handler job. ‘Five months later, the employee was terminated, and a second arbitration proceeding ensued. This time the arbitrator upheld the discharge as based on just cause. The circuit court of appeal held:
Despite the clear noncompliance with the initial award in this case, however, we agree with the District Court, that the employee’s subsequent plea of guilty to the criminal charges now precludes judicial relief as to that specific employee.... The Union has cited no reported decision, nor are we aware of any, in which an employee has been ordered reinstated to his job due to procedural violations once an arbitrator has found that a discharge is permissible on the merits.... Because such relief is no longer within our judicial power, we affirm the district court’s judgment on this point on grounds of mootness alone.
Id. at 842-43.
We find no merit in appellee’s argument that National Postal Service is distinguishable because it involves a criminal charge. Here the arbitrator found that appellee was discharged for just cause for his failure to submit to a recertification examination. It was appellee’s own actions that prevented his reinstatement as a marine safety lieutenant since without recerti-fication he was no longer eligible to serve in that capacity. Therefore, the trial court erred when it ordered appellee’s reinstatement after he had been discharged for cause. The parties have acknowledged in their brief that appellant has paid appellee the sum of $2,250 that remained due as a result of the original termination.
Accordingly, the trial court’s order directing reinstatement and ordering reimbursement for lost wages and benefits is reversed.
REVERSED.
DOWNEY and ANSTEAD, JJ., concur.